IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

RICHARD CARLTON RISHER,

    Plaintiff,

vs.                                  Cv. No. 04-2959-Ma/V
                                     Cr. No. 88-640(ALL)
                                     C.D. California

T.C. OUTLAW,

    Defendant.

_____

ORDER DENYING PETITION UNDER 28 U.S.C. § 2241
ORDER DENYING ALL OTHER PENDING MOTIONS AS MOOT
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____

    Defendant, Richard Risher, Bureau of Prisons (BOP) registration number 89032-012, an inmate at the Federal Correctional Institution ("FCI") in Memphis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the filing fee. The Clerk shall record the respondent as T.C. Outlaw. The Clerk shall not issue any process.

    On November 21, 1988, Risher pled guilty to four counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). On February 15, 1989, United States District Judge Pamela Rymer sentenced Risher to a term of 168 months imprisonment, with a four-year term of supervised release. Judge Rymer departed downward from the lower end of Risher's sentencing range (210) months) because Risher had cooperated with the government in providing truthful and helpful information. On October 6, 1989, Judge Rymer

reduced Risher's sentence to 120 months for accepting responsibility for his crimes under United States Sentencing Guidelines ("USSG") § 3E1.1(a).  See Risher v. United States, No. 94-5647, 1995 WL 579696 (9th Cir. Oct. 3, 1995).

Risher then filed a motion to vacate under 28 U.S.C. § 2255, alleging that his sentence violated the due process and *ex post facto* clauses of the Constitution; that his sentence constituted a breach of his plea agreement; and that he had been deprived of effective assistance of counsel because his attorney failed to advise him of the risk that he might be sentenced as a career offender under the Guidelines if he pled guilty.  On January 30, 1992, the district court denied his motion.  Risher appealed. The Ninth Circuit determined that his sentence did not violate the due process or *ex post facto* clauses, but remanded for a district court determination about whether Risher's counsel had in fact failed to advise him of the risk he would be sentenced under the career offender provision of the Guidelines if he pled guilty, and whether there was a reasonable probability that, but for counsel's errors, Risher would not have pled guilty and would have insisted on going to trial.  Risher v. United States, No. 92-55274, 992 F.2d 982, 984 (May 7, 1993).[1]

---

[1] When Risher pled guilty the Sentencing Guidelines were unconstitutional under the law of the Ninth Circuit.  Both Risher and the government understood that Risher would be sentenced under the law in effect before the Guidelines were enacted.  A pre-sentence report prepared at that time indicated that, if Risher had opted to be tried and had been convicted on all counts to which he pled guilty, he would have received a sentence in the range of 100 to 148 months imprisonment.  Shortly before Risher was scheduled to be sentenced, the Supreme Court upheld the constitutionality of the Sentencing Guidelines.  The probation office prepared another pre-sentence report,

On remand, the district court found that Risher's attorney had not advise Risher as required, but that even if Risher's attorney had so advised him, Risher would still have pled guilty because there was overwhelming evidence of his guilt and because he would have received a much higher sentence had he gone to trial and been convicted. Risher appealed and the Ninth Circuit affirmed the decision of the district court. Risher v. United States, No. 94-56477, 1995 WL 579696 at **2-**3.

On November 23, 2004, Risher filed this habeas petition under 28 U.S.C. § 2241 contending that his guilty plea was involuntary because the Guidelines were not in effect when he entered his plea and because of ineffective assistance of counsel. He alleges that the forgoing issues create an ex post facto violation which renders his conviction and sentence "void" and he concludes that he is actually innocent of the sentence imposed. Risher seeks to raise claims cognizable only under § 2255. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the time conviction is final. This provision strengthened the existing provisions limiting federal prisoners to

---

calculating Risher's sentencing range under the Guidelines. The probation officer determined that Risher was a career offender under USSG § 4B1.1 because he had been convicted of two prior felonies. That determination increased Risher's sentencing range to 210 to 262 months imprisonment. The Ninth Circuit Court of Appeals determined that a competent lawyer would have warned Risher of the significant risk that he would be sentenced under the career offender provision of the Guidelines. Id., at 983-84.

one collateral attack on a conviction.  These reforms were intended to protect further the finality attached to federal criminal judgments and to reduce the workloads of the federal courts.

Because a subsequent § 2255 motion is foreclosed by the AEDPA, the petitioner seeks to characterize this case as a habeas petition under 2241.  The only reason for that characterization, however, is the need to avoid the successive motion limits enacted by the AEDPA.  This case clearly seeks to attack the validity of petitioner's original sentence and thus is a motion under § 2255. A series of unpublished opinions has relied on Gray-Bey v. United States, 209 F.3d 986, 990 (7th Cir. 2000), to conclude that § 2255 motions disguised as § 2241 petitions should not be transferred, but dismissed.[2]

Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition."  Wright v. United States Bd. of Parole, 557 F.2d 64, 78 (6th Cir. 1977).  On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence."  Id. at 77.  Cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply.").  It is clear from Wright and Jalili, however, that true

---

[2]  See, e.g., In Re Walker, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks accept, as a matter of course, the validity of the original underlying conviction and sentence. Risher's petition does not challenge the execution of his sentence, but attacks its imposition.

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (1999); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). See also United States v. Cerna, 1994 U.S. App. LEXIS 27901 at *2-3 (6th Cir. Oct. 4, 1994)(district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[3] United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993); Wood v. United States, No. 91-2055, 1992 U.S. App. Lexis 3053 (6th Cir. Feb. 25, 1992)(petition for a writ of error coram nobis should be construed as motion under § 2255);[4] Owens v. Benson, 439 F. Supp. 943, 944 (E.D. Mich. 1977)(the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255). Cf. Capaldi v. Pontesso, 135 F.3d 1122, 1124

---

[3]  Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

[4]  See supra note 2.

(6th Cir. 1998)(adopting per se rule that district court may not consider a § 2255 motion while prisoner's direct appeal is pending and affirming denial of habeas relief to prisoner whose direct appeal was pending in Fifth Circuit).

Habeas corpus will lie, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  This "savings clause" operates as an additional exception to the successive motion limits of the AEDPA and permits review by a habeas petition in an even more narrow category of cases.

The movant has the burden of demonstrating that the savings clause applies.  Charles, 180 F.3d at 756.  The § 2255 remedy is not inadequate or ineffective, for example, merely because the successive motion limits apply to bar consideration of a claim or the motion is barred by the statute of limitations.  Charles, 180 F.3d at 756-58.  Rather, if the claim is of a type that was cognizable under § 2255, the remedy is not inadequate or ineffective, regardless of whether the movant can obtain a substantive review on the merits in the present motion.  As suggested by Gray-Bey, 209 F.3d at 990, in considering the scope of collateral remedies remaining to federal prisoners after the AEDPA, "§ 2255 ¶ 8 means . . . that prisoners today are never entitled to multiple collateral attacks, so that their inability to obtain another round of litigation cannot demonstrate that § 2255 as a whole is 'inadequate or ineffective to test the legality of . . . detention.'"

Federal law providing for collateral review of conviction and sentence does not guarantee that every prisoner will obtain a review on the merits of a constitutional claim, but that every prisoner will at some point have the <u>opportunity</u> для such review. <u>See, e.g.</u>, <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). According to <u>Wofford</u>, the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' That does not mean that he took the shot . . . the Constitution requires [only] that the procedural opportunity existed." <u>Id.</u> (quoting <u>In Re Davenport</u>, 147 F.3d 605, 609 (7th Cir. 1998)).

Risher had the opportunity under § 2255 to raise the claims he asserts. <u>See</u> <u>Lee v. Chandler</u>, No. 98-6721, 2000 WL 658019 (6th Cir. May 8, 2000)(holding that prisoner "has had multiple unobstructed procedural shots at his conviction and sentence").[5] Risher's due process and *ex post facto* claims have been addressed by the Ninth Circuit and his claim that he was not allowed to appear in court on remand of his case was available to him when he took the second appeal of the denial of his § 2255 motion. His allegations do not support a contention, necessary to consideration of his claim on the merits under § 2241, that the § 2255 remedy is inadequate or ineffective.

---

[5]     <u>See</u> <u>supra</u> note 2.

7

<u>Wofford</u> held that the "inadequate or ineffective" savings clause applies to permit a prisoner to set aside a conviction when

> 1) the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Wofford</u>, 177 F.3d at 1244.

Risher does not qualify for habeas relief under any legitimate interpretation of the statute. His claim is not based upon a retroactively applicable Supreme Court decision. Although he contends that he is "actually innocent of the career offender sentence," it is clear that an actual innocence claim requires "factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623-24 (1998); <u>Hilliard v. United States</u>, 157 F.3d 444, 450 (6th Cir. 1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986). Risher's complete failure to allege true "factual innocence" precludes his assertion of such a claim. Therefore, he is not entitled to relief under § 2241.

Because Risher is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DENIED and DISMISSED. Risher also filed motions to expedite these

8

proceedings and to show cause. The motions are rendered MOOT by this determination and are DENIED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255

9

motions.  See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997).  An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district.  Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996).  Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  Id.  It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient

merit to support an appeal in forma pauperis.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

    IT IS SO ORDERED this 2nd day of February, 2006.

                              s/ SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE

04-2959.Order.wpd