```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

RICHARD CARLTON RISHER,

    Plaintiff,

vs.

                                      Cv. No. 04-2959-Ma/V
                                      Cr. No. 88Cr640(ALL)
                                      Central District CA

T.C. OUTLAW,

    Defendant.

```
             ORDER DENYING MOTION FOR RECONSIDERATION
                               AND
                 ORDER REAFFIRMING CERTIFICATION
            THAT APPEAL IS NOT TAKEN IN GOOD FAITH
```

On February 16, 2006, Petitioner Richard Risher, Bureau of Prisons registration number 89032-012, placed in the prison mail system a "motion for reconsideration" which was filed by the Clerk on February 27, 2006. The Court construes the motion as a Fed. R. Civ. P. 59(e) motion to alter or amend its judgment entered on February 9, 2006.

A party should be afforded relief from a judgment pursuant to Fed. R. Civ. P. 59(e) under only limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e)

> motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see Nagalingam v. Wilson, Sowards, Bowling & Costanzo, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001). The issues raised by Risher do not fit within this framework. Risher merely restates and amplifies points made in his original petition. The motion for reconsideration presents no grounds for relief and is DENIED.

The Court reiterates, for the reasons expressed in this order and the previous order of dismissal, any appeal is not taken in good faith and defendant may not proceed on appeal in forma pauperis.[1]

IT IS SO ORDERED this 16th day of March, 2006.

                                                    s/ SAMUEL H. MAYS, JR.
                                                   UNITED STATES DISTRICT JUDGE

---

[1] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.